Clerk's Office
Filed Date: 3/30/22

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

G&G CLOSED CIRCUIT EVENTS, LLC,

                Plaintiff,

        v.

ANN M. NARINE *d/b/a* HEAT CARIBBEAN
KITCHEN & LOUNGE, and SPICE CATERING
INC. *d/b/a* HEAT CARIBBEAN KITCHEN &
LOUNGE,

                Defendants.

-----------------------------------------------------------

**ORDER**
20-CV-4271 (MKB) (RML)

MARGO K. BRODIE, United States District Judge:

    Plaintiff G&G Closed Circuit Events, LLC commenced the above-captioned action on September 11, 2020, against Defendants Ann M. Narine, individually and doing business as Heat Caribbean Kitchen & Lounge, and Spice Catering Inc., also doing business as Heat Caribbean Kitchen & Lounge. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants violated 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a) by unlawfully, willfully, and for personal gain broadcasting a program to which Plaintiff had exclusive commercial distribution rights. (*Id.* at ¶¶ 12–21, 29–45.) On January 13, 2021, the Clerk of Court entered default in favor of Plaintiff because Defendants had "failed to appear or otherwise defend this action." (Clerk's Entry of Default, Docket Entry No. 9.)

    Currently before the Court is Plaintiff's March 1, 2021 motion for default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 10), which the Court referred to Magistrate Judge Robert M. Levy for a report and recommendation, (Order Referring Mot. dated Mar. 1, 2021). By report and recommendation dated December 13, 2021, Judge Levy recommended that the

Court (1) grant Plaintiff's motion for default judgment as to Defendant Spice Catering Inc., (2) deny Plaintiff's motion as to Defendant Ann M. Narine, (3) award Plaintiff $10,000 in damages plus post-judgment interest, and (4) permit Plaintiff to move for attorneys' fees and costs (the "R&R"). (R&R 13–14, Docket Entry No. 11.) As explained below, the Court adopts the R&R in its entirety.

I. **Background**

After filing its Complaint on September 11, 2020, (Compl.), Plaintiff filed an affidavit of service for Spice Catering Inc. on December 4, 2020, (Aff. of Service of James Boland, sworn to Nov. 30, 2020 ("Boland Aff."), Docket Entry No. 5), and for Ann M. Narine on December 15, 2020, (Aff. of Service of Roberto Urena, sworn to Dec. 11, 2020 ("Urena Aff."), Docket Entry No. 6). After failing to receive a response, Plaintiff requested a certificate of default on January 7, 2021, (Request for Certificate of Default, Docket Entry No. 7), and default was entered on January 13, 2021, (Clerk's Entry of Default).

In the R&R, Judge Levy finds that Plaintiff "effected proper service on Spice Catering, Inc." (R&R 4.) However, because the Urena Affidavit indicates that Plaintiff's process server delivered the Summons and Complaint to a "Co-Tenant" of Defendant Ann M. Narine "but does not state whether Narine was confirmed to still reside at this address," (*id.* (citing Urena Aff.)), Judge Levy finds that the Urena Affidavit "does not sufficiently establish that the address used for service was Narine's actual dwelling" and therefore that proof of service on Narine is insufficient, (*id.* at 6). Accordingly, Judge Levy recommends that Plaintiff's motion for default judgment "be denied as to Narine, with leave to amend." (*Id.*)

Judge Levy also finds that because a plaintiff may only recover under either section 605 or section 553, and section 605 allows for a greater recovery than section 553, recovery is proper

2

under section 605, (*id.* at 7), and that Plaintiff's factual allegations establish liability under section 605(a), (*id.* at 8). Applying the methodology typically used to calculate statutory damages in the Second Circuit, Judge Levy recommends that Plaintiff be awarded $2,500 in statutory damages, (*id.* at 10), as well as $7,500 in enhanced damages, (*id.* at 12). Finally, Judge Levy recommends that Plaintiff be permitted to move for attorneys' fees and costs in a separate motion, (*id.* at 12–13); that Plaintiff's request for pre-judgment interest be denied, (*id.* at 13); and that Plaintiff be awarded post-judgment interest at the statutory rate from the date of entry of judgment until the date the judgment is paid in full, (*id.* at 13).

No objections to the R&R have been filed and the time for doing so has passed.

## II.  Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their

failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court (1) grants Plaintiff's motion for default judgment as to Spice Catering Inc., (2) denies Plaintiff's motion as to Ann M. Narine, (3) awards Plaintiff $2,500 in statutory damages and $7,500 in enhanced damages plus post-judgment interest at the federal statutory rate, and (4) permits Plaintiff to move for attorneys' fees and costs. Plaintiff may move for said attorneys' fees and costs by separate motion within thirty days of this judgment.

Dated: March 30, 2022
     Brooklyn, New York

                                                SO ORDERED:

                                                    /s/ MKB
                                          MARGO K. BRODIE
                                          United States District Judge